**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KEESHA WILLIS,, <br><br> Plaintiff, <br><br> v. <br><br> PROFESSIONAL ACCOUNTS SERVICE INC., <br><br> Defendant. | CIVIL ACTION <br><br><br> COMPLAINT  1:18-cv-03508 <br><br><br> JURY TRIAL DEMANDED |

**COMPLAINT**

NOW COMES Plaintiff, KEESHA WILLIS, by and through her attorneys, SULAIMAN LAW GROUP, LTD., complaining of Defendant, PROFESSIONAL ACCOUNTS SERVICE INC., as follows:

**NATURE OF THE ACTION**

1. This is an action brought by a consumer seeking redress for alleged violation(s) of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 with respect to Plaintiff's FDCPA claims.

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 with respect to Plaintiff's TCPA claims.

4. Venue is proper as a substantial part of the events or omissions giving rise to the claim(s) occurred in this judicial district. 28 U.S.C. § 1391(b)(2).

## PARTIES

5. KEESHA WILLIS ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in this judicial district.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

8. PROFESSIONAL ACCOUNTS SERVICE INC. ("Defendant") of Terre Haute, Indiana is a full-service collection agency serving Indiana and Illinois since 1988.[1]

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

10. Defendant uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.

11. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

12. In February, 2018, Defendant initiated a collection campaign against Plaintiff in an attempt to collect $958.88 in disputed medical debt.

13. On March 29, 2018, Plaintiff answered and was received by silence then audible clicking, before she was connected to Defendant's representative.

14. Specifically, Plaintiff experienced clear pause from when she said "hello," to when Defendant's representative introduced them self. Plaintiff demanded that they stop calling.

15. Plaintiff's demand that they stop calling fell on deaf ears, as Defendant proceeded to place (or cause to place) no less than 17 additional unconsented-to calls to Plaintiff.

---

[1] *See* http://professionalaccountsservice.com/about-us/4841806

16. Upon information and belief, Defendant placed or caused to be placed the aforementioned calls to Plaintiff's cellular telephone using a predictive dialer[2].

17. At all times relevant, Plaintiff's number ending in 4513 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

18. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the number ending in 4513.

19. At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

## DAMAGES

20. Defendant's collection calls have severely disrupted Plaintiff's everyday life and overall well-being.

21. Defendant's collection calls have resulted in intrusion and occupation of Plaintiff's cellular services, thus impeding receipt of other calls.

22. Defendant's telephone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, loss of subscribed minutes, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the phone calls, decreased work productivity, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone

---

[2] A predictive dialer is an outbound calling system that automatically dials from a list of telephone numbers. Like other types of autodialers (also called robodialers), predictive dialers call numbers automatically and can help agents screen for busy signals, voicemails, no-answers and disconnected numbers.

subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

23. Concerned about the violations of her rights and invasion of her privacy, Plaintiff sought counsel to file this action to compel Defendant to cease its unlawful conduct.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

24. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

25. Upon information and belief, the medical debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

26. Upon information and belief, Defendant is attempting to collect a debt used for "personal purpose" as defined by 15 U.S.C. § 1692a(5).

### Violation(s) of 15 U.S.C. §§ 1692d, and d(5)

27. Section 1692d prohibits a debt collector from engaging in conduct the natural consequence of which is to harass, oppress, or abuse in connection with the collection of a debt.

28. Section 1692d(5) prohibits a debt collector from causing a telephone to ring continuously with the intent to annoy, abuse, or harass.

29. Defendant violated 15 U.S.C. § 1692d by making no less than 17 collection calls to Plaintiff despite Plaintiff's demand that they stop.

30. Defendant violated 15 U.S.C. § 1692d(5) by making no less than 17 collection calls to Plaintiff despite Plaintiff's demand that they stop.

31. Defendant's behavior of repeatedly placing or causing to be placed collection calls to Plaintiff was abusive, harassing, and oppressive.

32. Plaintiff may enforce the provisions of 15 U.S.C. §§1692d and d(5) pursuant to section k of the Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the Fair Debt Collection Practices Act] with respect to any person is liable to such person in an amount equal to the sum of -

    (1) any actual damage sustained by such person as a result of such failure;

    (2)

        (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

    (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

WHEREFORE, Plaintiff requests the following relief:

a. find that Defendant violated 15 U.S.C. §§ 1692d and d(5);

b. award any actual damage sustained by Plaintiff as a result of Defendant's violation pursuant to 15 U.S.C. § 1692k(a)(1);

c. award such additional damages, as the Court may allow, but not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

d. award costs of this action including expenses together with reasonable attorneys' fees as determined by this Court pursuant to 15 U.S.C. § 1692k(a)(3); and

e. award such other relief as this Court deems just and proper.

## COUNT II:
## Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)

33. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

34. Defendant placed or caused to be placed non-emergency calls, including but not limited to the aforementioned calls, to Plaintiff's number ending in 4513 utilizing an automatic telephone dialing system ("ATDS") without Plaintiff's consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

35. In a 2003 declaratory ruling the Federal Communications Commission ("FCC") concluded that equipment which has the capacity to "store or produce numbers and dial those numbers at random, in sequential order, from a database of numbers" qualifies as an ATDS under the statute. 18 F.C.C.R. 14014, 14091-93 (2003).

36. In 2012, the FCC stated that a predictive dialer included "any equipment that has the specified capacity to generate numbers and dial them without human intervention regardless of whether the numbers called are randomly or sequentially generated or come from calling lists." 27 F.C.C.R. at 15392 n. 5 (2012).

37. In its Order, the FCC "reiterate[d] that predictive dialers, as previously described by the commission, satisfy the TCPA's definition of an 'autodialer.'" *Id*.

38. Upon information and belief, based on the lack of prompt human response, Defendant employed a predictive dialer to place calls to Plaintiff's cellular telephone.

39. Upon information and belief, the predictive dialer employed by Defendant transfers the call to a live representative once a human voice is detected, hence the clear pause.

40. Defendant violated the TCPA by placing no less than 17 calls to Plaintiff's cellular telephone from March 29, 2018 to present-day utilizing an ATDS without consent.

41. As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff is entitled to receive $500.00 in damages for each such violation.

42. As a result of Defendant's *knowing and willful violations* of 47 U.S.C. § 227 *et seq.*, Plaintiff is entitled to receive up to $1,500.00 in treble damages for each such violation.

WHEREFORE, Plaintiff requests the following relief:

a. find that Defendant violated 47 U.S.C. § 227 *et seq.*;

b. enjoin Defendant from placing calls to Plaintiff pursuant to 47 U.S.C. § 227(3)(A).

c. award statutory damages of $500.00 for each such violation pursuant to 47 U.S.C. § 227(3)(B);

d. award treble damages up to $1,500.00, for each such violation pursuant to 47 U.S.C. § 227(3)(C); and

e. award such other relief as this Court deems just and proper.

**Plaintiff demands trial by jury.**

May 17, 2018                                         Respectfully submitted,

*/s/ Joseph Scott Davidson*

Joseph Scott Davidson
Mohammed Omar Badwan
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
jdavidson@sulaimanlaw.com
mbadwan@sulaimanlaw.com

*Counsel for Keesha Willis*